# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| AKEIM QAIYIM, | ) | CASE NO.  1:11cv430 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION AND |
| | ) | ORDER |
| MR. FARLEY, WARDEN, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is *pro se* petitioner Akeim Qaiyim's above-captioned petition for habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is incarcerated at the Federal Correctional Institution in Elkton, Ohio (F.C.I. Elkton), and names F.C.I. Elkton Warden Farley as respondent. He challenges the Federal Bureau of Prisons' (BOP) decision to deny him early release under 18 U.S.C. § 3621(e), based on his conviction for being a felon in possession of a firearm. He argues the BOP policy which rendered him ineligible for early release is arbitrary and that the Equal Protection Clause requires that the BOP apply its "new eligibility procedures" uniformly. Petitioner seeks either reconsideration of the BOP denial of his early release eligibility or a reduction in the length of his sentence.

## BACKGROUND

Petitioner was indicted in the United States District Court for the Northern District of Indiana in 2009. *See United States v. Qaiyim*, No. 3:09-cr-00043 (N.D. Ind. filed Apr. 8, 2009).  On June 9, 2009, he entered a guilty plea to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On August 25, 2009, he was sentenced to serve 48

months in prison and was remanded to the custody of the U.S. Marshal.

Petitioner was enrolled in a Residential Drug Abuse Program (RDAP) at F.C.I. Elkton when this petition was filed. He claims he was categorically denied early release eligibility due to a BOP Policy Statement "that has recently been deemed arbitrary and capricious in violation of the Administrative Procedure Act (APA).  5 U.S.C. § 706(2)(A)." (Pet. at 4.)

He concedes he has procedurally defaulted the exhaustion of his administrative remedies. Petitioner maintains, however, that cause and prejudice exist to excuse his default. He claims that because he has little time left on his 48 months sentence, it would be nearly impossible to fully exhaust his remedies before the issue became moot. Further, Petitioner states it would be futile to pursue this issue with the BOP because he believes the agency has made it clear it will apply the *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008) holding only to inmates in California.

## ANALYSIS

By statute, the BOP is tasked to provide each prisoner the opportunity to participate in residential substance abuse (RDAP) treatment in his place of confinement. *See* 18 U.S.C. §§ 3621(b), (e)(1). Two incentives are provided to prisoners who successfully complete an RDAP. First, the Director of the BOP has discretion to modify the conditions of the prisoner's confinement. *See* 18 U.S.C. § 3621(e)(2)(A). Second, and at issue here, the statute provides that certain prisoners may be eligible for early release from their sentences. Specifically, the statute provides:

> The period a prisoner convicted of a nonviolent offense remains in custody after
> successfully completing a treatment program may be reduced by the Bureau of

2

Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B).

Whether early release is granted is, as the permissive "may" suggests, clearly at the discretion of the BOP. *See Lopez v. Davis*, 531 U.S. 230, 241 (2001). Therefore, the BOP retains the discretion to deny early release even where a prisoner successfully completes the RDAP. *See McLean v. Crabtree*, 173 F.3d 1176, 1182 (9th Cir.1999); *Orr v. Hawk*, 156 F.3d 651, 653-54 (6th Cir.1998).

Petitioner claims the Ninth Circuit Court of Appeals in *Arrington* struck down the BOP policy, promulgated in 28 C.F.R. § 550.58(a)(1)(vi)(B), that "categorically exclude[d] prisoners convicted of an offense involving the carrying, possession or use of a firearm, from early release eligibility." (Pet. at 8.) Moreover, he argues that no changes have been put in place to correct its deficiencies. Based on this reasoning, Petitioner claims he is entitled to relief. Underpinning his constitutional claims, Petitioner asserts he has a liberty interest in the 18 U.S.C. § 3621 early release program. As such, he argues that before the BOP may deny him this liberty, it has a duty to "provide its new 'reconsideration' procedure uniformly under *§ 706(2)(A)* and the *Fifth* and *Fourteenth* Amendment." (Pet. at 12) (emphasis in original). Petitioner believes the *Arrington* decision "holds Nation wide precendial [sic] value, at least until (if ever) another court in some other jurisdiction disagrees." *Id*. As relief, Petitioner asks this Court to order the BOP to reconsider his request for early release or reduce his sentence under *Arrington*.

### 28 U.S.C. § 2243

"A court, justice or judge entertaining an application for a writ of habeas corpus

3

shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Based on an initial review, Petitioner is not entitled to an award of the writ.

*Exhaustion of Administrative Remedies*

Federal prisoners are required to exhaust administrative remedies before filing a habeas petition under 28 U.S.C. § 2241. *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir.1981). While Petitioner admits he has procedurally defaulted the exhaustion requirement, he argues that cause and prejudice excuse his failure to exhaust his administrative remedies.

In federal habeas corpus proceedings such as this one, exhaustion is not a strict statutory, or otherwise jurisdictional, requirement. *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir.1990), *overruled on other grounds*, *Reno v. Koray*, 515 U.S. 50, 54-55 (1995). A thorough review of the Petition suggests that Petitioner's failure to exhaust be excused as it would be most efficient to decide Petitioner's claims on the merits. *See id.* ("[w]here exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court"). Relying on the Supreme Court's analysis, the Fifth Circuit explained:

> If, as the district court found, the petition warranted *sua sponte* dismissal [...] because [it was] facially without merit, to withhold so ordering for lack of exhaustion would be an idle formality, precisely the sort of "mechanical" invocation that we have previously derided.

*Rowell v. Oesterle*, 626 F.2d 437, 438 n.1 (5th Cir.1980) (citing *Walker v. Johnston*, 312 U.S. 275, 284 (1941)); *see also Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir.) ("judicial

4

economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), *cert. denied*, 528 U.S. 846 (1999) (exhaustion of state remedies). Thus, the Court need not decide whether exhaustion would, in fact, be futile and should be excused and will proceed directly to the merits.

*Reduction of Sentence*

It is within the discretion of the BOP to reduce the sentence of an inmate convicted of a nonviolent offense by up to one year following the successful completion of a substance abuse treatment program pursuant to 18 U.S.C. § 3621(e)(2)(B).  The statute provides:

> [t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

*Id*. The BOP decided, however, that an inmate would be denied "the benefits of certain programs if his or her offense is either a crime of violence or an offense identified at the discretion of the Director of the Bureau of Prisons." P.S. § 5162.04, Categorization of Offenses. The BOP adopted 28 C.F.R. § 550.58 as a guide for the implementation of its early release program.  The regulation states, in pertinent part:

> (a) Additional early release criteria. (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
> * * *
> (vi) Inmates whose current offense is a felony:
> * * *
> (B) that involved the carrying, possession, or use of a firearm.

28 C.F.R. § 550.58(a)(1)(vi)(B). Contrary to Petitioner's reliance on the Ninth Circuit's opinion

in *Arrington*,[1] current case law in this district does not support a claim that he is entitled to habeas relief.

The analysis of *Arrington* upon which Petitioner relies is similar to the district court's opinion in *Todd v. Scibana*, 70 F.Supp.2d 779 (E.D.Mich. 1999), which, as explained below, has since been overruled. The court in *Todd* held that the denial of a prisoner's eligibility for early release, based solely on a sentencing enhancement, violated the statute providing that prisoners convicted of "nonviolent offense" are potentially eligible for one year sentence reduction upon completion of a drug and alcohol treatment program.

The Sixth Circuit overruled *Todd*. It held that, at the time the case was decided, "the district court did not have the benefit of a recent Supreme Court decision, which permitted the Bureau of Prisons to categorically exclude prisoners from a § 3621(e)(2)(B) sentence reduction based on their preconviction conduct. *Lopez v. Davis*, 531 U.S. 230, 244, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001)." *Todd v. Scibana*, No. 99-2182, 2001 WL 1136075, at * 1 (6th Cir. Sept. 19, 2001). The Sixth Circuit reasoned that "an inmate's prior involvement with firearms, in connection with the commission of a felony, suggests his readiness to resort to life-endangering violence and therefore appropriately determines the early release decision." *Id*.

In determining whether a constitutional right is clearly established, this Court must first look "'to decisions of the Supreme Court, then to decisions of [the Sixth Circuit Court of Appeals] and other courts within [this] circuit, and finally to decisions of other circuits.'" *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002) (quoting *Chappel v. Montgomery County Fire Prot. Dist. No. 1*, 131 F.3d 564, 579 (6th Cir.1997)). Thus, based on *Lopez*, as interpreted

---

[1] In *Arrington*, the Ninth Circuit held that the BOP's final 2000 rule is invalid as "arbitrary and capricious" in violation of § 706(2)(A) of the APA because it failed to set forth a rationale for its categorical exclusion rule.

by the Sixth Circuit in *Scibana*, it is within the discretion of the BOP to categorically deny prisoners § 3621(e) early release based on preconviction conduct. Inasmuch as the Petitioner was a felon at the time he was in possession of a firearm, he would rightfully fall within the class of prisoners the BOP considers ineligible for early release under § 3621(e).

The District Court for the Eastern District of Michigan recently deferred to the BOP's reasonable implementation of § 3621 and held that 28 C.F.R. § 550.58 is not invalid under the APA. *See Johnson v. Zych*, No. 09-CV-13216, 2009 WL 2960403, at *4 (E.D. Mich. Sept. 14, 2009) ("this court disagrees with the *Arrington* decision and finds that 28 C.F.R. § 550.58 is not invalid under 5 U.S.C. § 706(2)(A)."). Shortly thereafter, the United States District Court for the Southern District of Georgia held, in regard to *Arrington*: "'[N]o court outside the Ninth Circuit has followed *Arrington*, and most courts have rejected' that case. This Court should follow suit and reject the *Arrinqton* decision." *Lake v. Warden, Federal Satellite Low*, No. CV208-127, 2009 WL 2971633, at * 2 (S.D. Ga. Sept. 16, 2009) (quoting *Abies v. Eichenlaub*, 2009 WL 722287, at *7 (N.D.Fla. March 18, 2009) (collecting cases)). In a published opinion quoting from the Eighth Circuit's decision in *Gatewood v. Outlaw*, 560 F.3d 843 (8th Cir. 2009), the Third Circuit unequivocally rejected the Ninth Circuit's holding and stated:

> the *Gatewood* court determined that *Arrington* is 'contrary to the Supreme Court's decision in *Lopez*' and held that the BOP provided sufficient justification for its regulation under the APA. [...] Having closely considered the issue, we conclude that the BOP articulated a sufficient rationale for 28 C.F.R. § 550.58(a)(1)(vi)(B) (2000) to satisfy the 'arbitrary and capricious' standard set forth in APA § 706(2)(A).

*Gardner v. Grandolsky*, 585 F.3d 786, 791-92 (3d Cir. 2009) (quoting *Gatewood*, 560 F.3d at 846).

Based on the reasoning of the Sixth Circuit in *Scibana*, and the opinions of the district courts in the cases above, and those of other circuits, the BOP is within its right to deny Petitioner early release based on his status as a felon convicted of possessing a firearm.

CONCLUSION

For the foregoing reasons, this action is dismissed pursuant to 28 U.S.C. § 2243. The Court certifies that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

Dated: August 15, 2011

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[2]  28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

8